## GEORGE BLUM *v.* EDWARD HIGGINS.

The court has the power to set aside a verdict, and order a new trial, on the ground of excessive damages, even in an action for a mere personal tort, as in an action for an assault and battery, where, upon a comparison of the verdict of the jury with the facts established before them, it appears that they acted under undue motives, or some gross error or misunderstanding.

But to justify such an interference with the verdict of the jury, the case must be very gross and the recovery enormous.

$500, held not so excessive, under the circumstances of this case, for an assault and battery and false imprisonment at sea, as to call for the interference of the court.(a)

APPEAL from an order at special term, denying a motion for a new trial on the ground of excessive damages. The facts appear in the opinion of the court.

*A. R. Macdonough,* for the appellant. 1. The plaintiff is entitled only to compensatory, not exemplary damages, there being no evidence of actual malice. *Wiggin* v. *Coffin,* 3 Story's Rep. 1; *Watson* v. *Chrystie,* 2 Bos. & P. 224; 4 Barnew. & Cresw. 251; Sedgwick on Damages, p. 472. 2. Compensatory damages only being allowed, the amount of the verdict is excessive for this object. *Benson* v. *Frederick,* 3 Burr. 184, 185.

(a) Compare *Cropsey* v. *Murphy, ante,* p. 126.

*Charles W. Prentiss*, for the respondent.

BRADY, J. —This action was brought to recover damages for assaults and batteries committed by the defendant, who was the master of the steamship Hermann, on board of that vessel, and for an alleged imprisonment of the plaintiff, by tying him to the rigging and keeping him there for a long time. The damages claimed in the complaint were $10,000. It was tried on the 22d of January, 1856, before Judge Daly and a jury, and a verdict of $500 rendered against the defendant. A motion was made at special term, Judge Daly presiding, for a new trial, on the ground that the damages were excessive. The motion was denied, and from the order made thereon the defendant appeals. No exception was interposed to the charge of the judge on the trial, and no question seems to have been presented upon the liability of the defendant to respond in some amount for his ill treatment of the plaintiff.

It was at one time doubted (*vide* Sayer's Law of Damages, 210, 238), whether, in cases of mere personal tort, the court had the power to interfere on the ground of excessive damages; but the practice has long been settled in England that a new trial may be had for such a reason, where, from the facts established before the jury, when compared with the amount of their verdict, it appears that they acted under undue motives, or some gross error or misunderstanding (*Chambers* v. *Caulfield*, 6 East. 244; 4 Burr. 1971; Cowp. 230); and in this state it is well settled, by a series of cases, that a new trial may be granted where the damages are so excessive " as necessarily to evince intemperance, passion, partiality, or corruption on the part of the jury." *Sargeant* v. *Demston*, 5 Cowen, 106; *Tillotson* v. *Cheetham*, 2 John. Rep. 63; *Coleman* v. *Southwick*, 9 John. 45; *Root* v. *King*, 7 Cowen, 613; *Cole* v. *Perry*, 8 ibid. 214; *Douglas* v. *Tousey*, 2 Wendell, 352; *Ryckman* v. *Parkins*, 9 ibid. 470. (*Vide* a host of American cases on this subject, in this and other states of the Union, which will be found collated in 1 Graham and Waterman on New Trials, pp. 409 to 441, *passim.*)

Chief Justice Kent, in *Tillotson* v. *Cheetham, supra,* which was an action of slander, says, "We have no standard by which we can 'measure the excess. It is a matter resting in the sound discretion of a jury." And again, "A case must be very gross, and the recovery enormous, to justify our interposition on a mere question of damages in an action of slander." Applying the rule to this case, it is clear that a new trial cannot be granted. The testimony was contradictory upon the character and extent of the injuries inflicted upon the plaintiff, and upon the manner and violence of the treatment complained of. It was peculiarly in the province of the jury, and there is nothing in the case which would justify the impression that the jury acted from undue motives. The remarks of Judge Ingraham, in the case of *Scherff* v. *Szadecsky* (1 Abbott, 375), on the subject of excessive damages, are applicable here: "The cause of action is one in which it is difficult to fix any limit to the amount; one which is peculiarly within the province of the jury, and the mere amount of the damages, without some other fact to establish it, would not justify us in saying that the jury were actuated by improper motives in settling it."

The order appealed from must be affirmed, with $10 costs.